UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Gregory Green, | ) | Civil Action No.: 4:17-cv-01304-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Horry County, Jimmy A. | ) | |
| Richardson, II, and Scott Hixon, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Gregory Green, a state prisoner proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 against the above-captioned Defendants. *See* ECF No. 1. The matter is before the Court for consideration of Plaintiff's objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Paige J. Gossett, who recommends summarily dismissing Plaintiff's complaint.[1] *See* ECF Nos. 7 & 9.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report

---

[1] The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.).

to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

**Discussion**[2]

In his § 1983 complaint, Plaintiff alleges that his due process rights were violated when he pled guilty to a drug offense in state court, and that "this unconstitutional conviction was used to Plaintiff's detriment in a subsequent conviction." ECF No. 1 at p. 14–15. He sues the assistant solicitor who prosecuted him, as well as the solicitor and the county in which he pleaded guilty. *Id.* at pp. 2–3. Plaintiff seeks monetary damages from Defendants "for the injuries sustained due to the unconstitutional conviction," namely the "five years of incarceration that he served from July 20, 2006 thru July 1, 2011." *Id.* at pp. 5–6, 15. The Magistrate Judge recommends summarily dismissing Plaintiff's complaint because (1) the solicitors are shielded by absolute prosecutorial immunity, and (2) the complaint fails to state a claim upon which relief can be granted. R & R at pp. 3–6.

Although Plaintiff lodges two objections to the R & R,[3] *see* ECF No. 9, the Court finds Plaintiff's claims fail not only for the reasons set forth in the R & R but also for a simple reason not

---

[2]  The R & R summarizes the factual and procedural background of this case, as well as the applicable legal standards.

[3]  Plaintiff challenges the Magistrate Judge's (1) characterization of the manner by which he pleaded guilty to the drug offense and (2) finding of prosecutorial immunity. *See* ECF No. 9 at pp. 1–4.

2

discussed in the R & R—they are barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* bars Plaintiff's claims because success on them would necessarily imply the invalidity of his drug conviction and five-year prison sentence, which have not been overturned or otherwise called into question. *See Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) (explaining that under *Heck* and related cases, "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration"); *Edwards v. Balisok*, 520 U.S. 641, 646 (1997) (extending *Heck* to civil rights actions that do not directly challenge confinement, but instead contest procedures which necessarily imply unlawful confinement); *Young v. Nickols*, 413 F.3d 416, 417 (4th Cir. 2005) ("*Heck* . . . bars a prisoner's § 1983 claim if the relief sought necessarily implies the invalidity of his criminal judgment."). Under *Heck* and its progeny, the Court cannot grant Plaintiff the relief he seeks. *See, e.g.*, *Mayfield v. King*, No. CA 0:10-1487-JFA-PJG, 2010 WL 4929124, at *1 (D.S.C. Nov. 30, 2010) (finding *Heck* barred Plaintiff's § 1983 action alleging "that the defendants have violated his due process rights and that he has been maliciously and falsely imprisoned"). Accordingly, the Court modifies the R & R to reflect this additional reason for dismissal, and overrules Plaintiff's objections.[4]

## Conclusion

For the foregoing reasons, the Court overrules Plaintiff's objections, adopts the R & R [ECF No.

---

[4] The Court agrees with the Magistrate Judge's findings that (1) the solicitors are shielded by absolute prosecutorial immunity, and (2) the complaint fails to state a claim upon which relief can be granted. *See generally Safar v. Tingle*, 859 F.3d 241, 248 (4th Cir. 2017) ("It is well settled that prosecutorial activities that are 'intimately associated with the judicial phase of the criminal process' are absolutely immune from civil suit." (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976))).

3

7] *as modified herein*, and **DISMISSES** this action *without prejudice and without issuance and service of process*.

**IT IS SO ORDERED.**

Florence, South Carolina  s/ R. Bryan Harwell
September 29, 2017  R. Bryan Harwell
United States District Judge